IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DANIEL G. MOORE | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| VS. | § § | NO. 3-06-CV-2085-BD |
| DUNCANVILLE INDEPENDENT SCHOOL DISTRICT | § § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Duncanville Independent School District has filed a motion for summary judgment in this national origin discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* In his complaint, plaintiff alleges that he was fired from his job as an Assistant Security Operations Officer solely because he is Hispanic. (*See* Plf. Orig. Compl. at 2-3). Defendant contends that plaintiff cannot establish a prima facie case of discrimination because he was replaced by another Hispanic male, and that the decision to terminate plaintiff was based solely on legitimate, non-discriminatory reasons. Plaintiff was ordered to file a response to the summary judgment motion by September 5, 2008, but failed to do so. The court therefore considers the motion without the benefit of a response.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco*

*Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant who has the burden of proof at trial must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Holland v. Hoffman-La Roche, Inc.*, No. 3-06-CV-1298-BD, 2007 WL 4042757 at *1 (N.D. Tex. Nov. 15, 2007) (Kaplan, J.) (citing cases). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir.1993).

In order to satisfy his burden on summary judgment, plaintiff must adduce sufficient direct or circumstantial evidence that would permit a reasonable trier of fact to find that he was terminated on account of his national origin. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2572 (2003). Alternatively, plaintiff may rely on circumstantial evidence to prove national origin discrimination. A circumstantial case of discrimination may be proved by using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, the plaintiff must establish a prima facie case of discrimination, which "creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment decision. *Id.*, 101 S.Ct. at 1093. If the defendant meets its burden, the prima facie case disappears and the plaintiff must offer sufficient evidence to create a genuine issue of material fact on the ultimate issue of intentional discrimination. *See Auguster v. Vermilion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir.

2001). This may be accomplished either directly, by showing that a discriminatory reason more than likely motivated the defendant, or indirectly, by showing that the asserted reason is unworthy of credence. *See Fuentes v. Postmaster General of USPS*, No. 07-10426, 2008 WL 64673 at *4 (5th Cir. Jan. 8, 2008), *citing Burdine*, 101 S.Ct. at 1095.

The court initially observes that the record is devoid of direct evidence of discrimination, such as statements made by Duncanville ISD personnel which show on their face that plaintiff was terminated from his job as an Assistant Operations Security Officer because he is Hispanic. *See Fabela v. Socorro Independent School Dist.*, 329 F.3d 409, 415 (5th Cir. 2003). Nor has plaintiff satisfied his burden of proving discrimination through circumstantial evidence. In order to establish a prima facie case of discrimination, plaintiff must show, *inter alia*, that he was replaced by a person outside of his protected class. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000). Here, the only evidence before the court shows that defendant hired another Hispanic male to replace plaintiff. (*See* Def. MSJ App. at 006, ¶ 24). Moreover, defendant has offered evidence that plaintiff was terminated for excessive absences and tardiness, making unprofessional remarks, failing to follow the chain of command, and asking a clerk to adjust his time sheet. (*See id.* at 005, ¶ 19). Plaintiff makes no attempt to rebut these legitimate, non-discriminatory reasons for his termination.

## CONCLUSION

For these reasons, defendant's motion for summary judgment [Doc. #22] is granted. The court will dismiss this case with prejudice by separate judgment filed today.

SO ORDERED.

DATED: September 12, 2008.

*[signature]*
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE