IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DANIEL G. MOORE | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| VS. | § | NO. 3-06-CV-2085-BD |
|  | § |  |
| DUNCANVILLE INDEPENDENT | § |  |
| SCHOOL DISTRICT | § |  |
|  | § |  |
| Defendant. | § |  |

## MEMORANDUM ORDER

Plaintiff Daniel G. Moore, by and through his attorney, has filed a motion for new trial in this national origin discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* At issue is whether the court should set aside the final summary judgment entered on September 12, 2008, which was decided without a response from plaintiff. In support of his motion, counsel for plaintiff states that he never received defendant's motion for summary judgment by electronic mail, and did not know that the motion had been filed until he received the court's judgment. Counsel further alleges that at the time defendant filed its motion for summary judgment, he was in a two-week trial in Kaufman, Texas, returning to his Dallas office only intermittently. The motion has been fully briefed by the parties and is ripe for determination.

Because this case was decided on summary judgment without a trial, and plaintiff filed his motion within 10 days after entry of the judgment, the motion is more properly characterized as one to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Yazdchi v. American Honda Finance Corp.*, No. 3-05-CV-0737-L, 2006 WL 2456495 at *2 (N.D. Tex. Aug. 23, 2006). "Motions for a new trial or

to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Although a district court has considerable discretion in deciding whether to amend or alter a judgment, the court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has observed that Rule 59(e) motions are disfavored and should be granted only sparingly. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff does not argue that the court committed a manifest error of law in granting defendant's motion for summary judgment. Rather, plaintiff contends that he should be allowed to present evidence post-judgment that creates a genuine issue of material fact for trial. Even if the court considers this new evidence,[1] summary judgment is still proper. The court initially observes that the letters, performance evaluations, and witness statements submitted by plaintiff, none of which are properly authenticated and many of which contain hearsay, are not competent summary judgment evidence. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191-192 (5th Cir. 1991). Plaintiff also relies on his own deposition testimony to show that he was fired from his job as an Assistant Security Operations Officer at Duncanville High School solely because he is Hispanic. In his deposition, plaintiff testified that Kevin Matthews, an assistant principal at the high school,

---

[1] The evidence submitted by plaintiff was readily available at the time his summary judgment response was due. In his Rule 59(e) motion, plaintiff states that he did not file a summary judgment response, or any supporting evidence, because his attorney never received defendant's motion for summary judgment by electronic mail and did not know the motion had been filed until he received the court's judgment. (*See* Plf. Mot. at 2, ¶ B). At a hearing held on October 17, 2008, counsel for plaintiff acknowledged that defendant's motion for summary judgment *was* sent to his email address, but explained that he was in trial in another case and did not file a response for that reason. In a prior case involving the same lawyer, another judge in this district held that a similar explanation for not timely filing a summary judgment response was "not even sufficient to rise to a level of excusable neglect." *Gonzalez v. State Fair of Texas, Inc.*, No. 3-99-CV-1414-D, 2000 WL 326165 at *3 (N.D. Tex. Mar. 24, 2000), *aff'd*, 235 F.3d 1339 (Table) (5th Cir. 2000).

twice asked whether plaintiff "ha[d] any tacos this morning." (*See* Plf. Mot. App. at 53). However, those remarks, which were made more than two years before plaintiff was terminated, are too remote to be considered as direct evidence of discrimination. *See Pruitt v. Dallas Independent School Dist.*, No. 3-04-CV-0554-D, 2006 WL 1359909 at *5 (N.D. Tex. May 16, 2006) (comments made more than one year before adverse employment action not sufficiently proximate in time to constitute direct evidence of discrimination). Nor are the remarks in any way related to the decision to terminate plaintiff. *See Lo v. Federal Deposit Ins. Corp.*, 846 F.Supp. 557, 564 (S.D. Tex. 1994), *aff'd*, 52 F.3d 1066 (Table) (5th Cir. 1995) (comment that "all Chinese guys like to trade" not related to specific employment decision at issue).

Without direct evidence of discrimination, plaintiff must prove his case by circumstantial evidence. In order to do so, plaintiff must establish a prima facie case of intentional discrimination by showing, *inter alia*, that he was replaced by a person outside the protected group or treated less favorably than similarly situated employees outside the protected class. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426-27 (5th Cir. 2000). Plaintiff does not dispute that he was replaced by another Hispanic male. (*See* Def. MSJ App. at 006, ¶ 24). Instead, plaintiff argues that he was treated less favorably than similarly situated white security officers. Similarly situated employees are employees who are treated more favorably under "nearly identical" circumstances. *See Wheeler v. BL Development Corp.*, 415 F.3d 399, 406 (5th Cir.), *cert. denied*, 126 S.Ct. 798 (2005). In his deposition, plaintiff testified that he was assigned an undesirable lunch break, was verbally abused by superiors, and was required to respond to dangerous situations on school grounds, whereas white officers were allowed to eat lunch at more desirable times, were not subjected to yelling and verbal insults, and were allowed to remain in the control room during fights and riots. (*See* Plf. Mot. App.

at 59-66, 101-04). None of these disparate treatment allegations, even if true, are probative of whether plaintiff was treated less favorably than non-Hispanic employees *with respect to his termination*--the adverse employment action at issue in this case. Plaintiff also testified that David Smith, a white security officer, was not disciplined for gambling with students. (*Id.* at 103). However, plaintiff was not terminated for gambling--he was fired for excessive absences and tardiness, for making unprofessional remarks, for failing to follow the chain of command, and for asking a clerk to adjust his time sheet. (*See* Def. MSJ App. at 005, ¶ 19). The circumstances of Smith's misconduct are not "nearly identical" to those giving rise to plaintiff's termination. *See Smith v. Wal-Mart Stores (No. 471)*, 891 F.2d 1177, 1180 (5th Cir. 1990) (plaintiff and comparator employee were not similarly situated where plaintiff was discharged for violating non-fraternization policy but comparator was disciplined for violating a different policy).

Even if plaintiff could establish a prima facie case of discrimination, he has failed to demonstrate pretext. Defendant has articulated legitimate, non-discriminatory reasons for terminating plaintiff. Other than his own testimony that he had an acceptable attendance record, followed the chain of command, and did not ask a clerk to make unauthorized changes to his time sheet, (*see* Plf. Mot. App. at 138, 140-41, 145, 149-50), plaintiff offers no evidence to rebut any of the reasons given by defendant for terminating his employment. Merely disputing an employer's reasons does not demonstrate pretext. *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 354-55 (5th Cir. 2005); *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2572 (2003). Nor can plaintiff avoid summary judgment based on his subjective belief that he was fired because he is Hispanic. *See Byers*, 209 F.3d at 427; *Lawrence v. University of Texas Medical Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999).

The "new evidence" relied on by plaintiff does not create a genuine issue of material fact for trial. Accordingly, his motion to amend or alter the final summary judgment in favor of defendant [Doc. #26] is denied.

SO ORDERED.

DATED: October 17, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE